**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**GUADALUPE PENA-CARRIZOZA,**

> **Petitioner,**

v.                                                                    **Case No.:  1:14-cv-25696**

**M. TRAVIS BRAGG, Warden,
FCI – Bennettsville; BOP/DOJ**

> **Respondents.[1]**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF Nos. 1, 2), and Respondent's Response to September 30, 2014 Order to Show Cause, which seeks dismissal of the petition, (ECF No. 5). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell ("McDowell") in Welch, West Virginia when he filed the instant petition, and he correctly named as respondent Bart Masters, the warden at that facility. Since that time, Petitioner was transferred to Federal Correctional Institution – Bennettsville in South Carolina where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), M. Travis Bragg, warden of FCI – Bennettsville, will be substituted as respondent in this case. Further, despite the fact that petitioner is no longer in custody in the Southern District of West Virginia, the court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990)).

the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **GRANTED, in part,** and **DENIED, in part**; that Respondent's request for dismissal be **GRANTED, in part,** and **DENIED, in part**; and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I.   <u>Factual and Procedural History</u>

Petitioner Guadalupe Pena-Carrizoza is a federal inmate incarcerated in FCI – Bennettsville in South Carolina with a projected release date of April 15, 2019. *See* BOP inmate locator at www.bop.gov/inmateloc. Petitioner alleges that his "good time jail credits" ("good conduct credits") were unlawfully taken from him when he was previously incarcerated at Taft Correctional Institution ("Taft"), a contracted federal correctional facility operated for profit by a private corporation. (ECF Nos. 1, 2).

While housed at Taft, Petitioner was involved in two similar disciplinary incidents, which resulted in the loss of his good conduct credits. The first incident, documented in Incident Report No. 2271173, occurred on January 19, 2012. (ECF No. 5-1 at 11-12). Petitioner was identified on surveillance video as being among a large group of inmates that congregated and refused to disperse and return to their housing units when ordered to do so over the Public Address system; members of the group demanded to see the leader of the "Sureno" inmates, and the situation escalated into a physical altercation. (ECF No. 5-1 at 11).

Less than a week later, on January 24, 2012, Petitioner was again identified on surveillance video as being present in a large group of inmates that surrounded two correctional officers and demanded the release of another inmate. (ECF No. 5-1 at 22). Once more, the group refused to disperse when ordered. (*Id.*). This incident was documented in Incident Report No. 2271172. (*Id.* at 22-23).

- 2 -

Both incident reports were reviewed by the same Discipline Hearing Officer ("DHO") at Taft, D. Robles, who documented his findings in Discipline Hearing Officer Reports. (ECF No.  5-1 at 17-20 and 40-44). DHO Robles charged Petitioner with violations of code 212—engaging in or encouraging a group demonstration—and code 307—refusing to obey an order of any staff. (*Id.*). For the first incident, the DHO disallowed 27 days of Petitioner's good conduct credits for the 212 code violation and 14 days of good conduct credits for the 307 code violation. (*Id.* at 20). For the second incident, the DHO disallowed 27 days of good conduct credit for the 212 violation and another 27 days for the 307 violation. (*Id.* at 43).

Petitioner filed administrative remedy appeals regarding both decisions, but was only successful in appealing the DHO's decision regarding the Incident Report No. 2271172, pertaining to the second incident. Upon a re-hearing of the second incident report, a DHO at McDowell[2] determined that the evidence supported the code 212 charge against Petitioner, but dismissed the code 307 charge. (Id. at 67). In dismissing the 307 charge, the DHO explained that the order given to disperse and return to the housing units was part of the act of participating in a group demonstration and, therefore, could not be charged separately. (Id.).

Petitioner's attempts to appeal the January 19, 2012 incident report were considerably less fruitful. His appeal was rejected numerous times for a variety of reasons, including that it had too many continuous pages, was an "illegible submission," was filed in the wrong region due to his transfer to another facility, and contained both incident reports in one appeal. (ECF No.  5 at 5-8; ECF No. 5-1 at 3-4). Ultimately, Petitioner's

---

[2] At the time of his re-hearing, Petitioner was transferred to McDowell. As relevant to this petition, McDowell is not a contracted facility.

appeal of this incident was rejected as untimely. As a result, he never received a re-hearing of DHO Robles's decision regarding Incident Report No. 2271173.

On September 11, 2014, Petitioner filed the instant *pro se* § 2241 petition seeking restoration of 68 of his good conduct credits. (ECF Nos. 1, 2).[3]. He alleges that DHO Robles did not have the authority or jurisdiction to take his good conduct credits, because DHO Robles was not an employee of the Bureau of Prisons/Department of Justice ("BOP"). (ECF Nos. 1, 2). Furthermore, Petitioner implicitly asserts a Privacy Act violation, claiming that the use of BOP forms and stationary by DHO Robles, a non-BOP employee, constituted a failure by Respondents to maintain accurate records. (ECF No. 1). Finally, Petitioner argues that Respondents rejected his administrative remedy appeals in retaliation for him exercising his constitutional rights and exposing their misconduct. (*Id.*).

On September 30, 2014, the undersigned issued an Order directing Respondents to answer or otherwise respond to the petition, showing cause why the relief sought by Petitioner should not be granted. (ECF No. 4). Respondents filed a response to the show cause order, arguing that the habeas petition should be dismissed because (1) Petitioner failed to exhaust his administrative remedies regarding Incident Report No. 2271173; (2) Petitioner's claim that a contractor was without authority to impose his disciplinary sanctions is moot with respect to Incident Report No. 2271172, because his administrative remedy appeal was re-heard by a BOP DHO at FCI –McDowell; and (3) Petitioner's Privacy Act claim fails as inmate central records are exempted from the relevant

---

[3] Petitioner initially sought reinstatement of 81 good conduct credits, (ECF No. 1 at 4), but amended that figure to 68 in his reply. (ECF No. 6 at 5). The 68 days includes 27 days for the January 24, 2012 code 212 violation; 27 days for the January 19, 2012 code 212 violation; and 14 days for the January 19, 2012 code 307 violation.

provisions of the Privacy Act. (ECF No. 5).

Petitioner filed a reply stating that he did exhaust his administrative remedies to the extent possible, but that his appeals were continually rejected. (ECF No. 6). Petitioner also reiterates that Respondents retaliated against him by rejecting his administrative remedy appeals, transferring him to a less desirable part of the prison, and transferring him to a prison far from home. (*Id.*).

## II.    <u>Discussion</u>

Petitioner asserts in the § 2241 petition that Taft's DHO did not have the authority to disallow 68 days of Petitioner's good conduct credits, because Taft is a contracted facility operated by a private corporation. (ECF Nos. 1, 2, 6). Petitioner relies on *Arredondo-Virula v. Adler*, 510 F. App'x 581 (9th Cir. 2013) in which the Ninth Circuit Court of Appeals held that an employee of a private contractor that ran a federal correctional institution was not an employee of the Bureau of Prisons or the Federal Prison Industries, Inc.; therefore, the employee could not take disciplinary action against a federal prisoner. The Ninth Circuit's decision in *Arredondo-Virula* was based upon a regulation in place at the time, which stated that "only institution staff may take disciplinary action," 28 C.F.R § 541.10(b)(1) (2010); "staff" was defined in 28 C.F.R. § 500.1(b)(1) as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."

Since the court's ruling in *Arredondo-Virula*, the Code of Federal Regulations was revised, including sections concerning the inmate disciplinary process. According to the revisions, which took effect on June 20, 2011, the inmate discipline program applies to all prisoners in BOP custody, including those held in a contracted facility. 28 C.F.R. § 541.2 (2011) provides:

This program applies to sentenced and unsentenced inmates in Bureau

custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody *by direction of, or under an agreement with, the Bureau of Prisons.*

(emphasis added).

Consequently, section 541.10(b)(1) (2010), which contained the language the Ninth Circuit found to be determinative in *Arredondo–Virula,* was repealed. Nevertheless, the disallowance of good conduct credits by a contracted DHO remains problematic. *See Arellano v. Benov,* No. 1:13-cv-00558, 2014 WL 1271530, at *12 (E.D. Ca. Mar. 27, 2014) (holding that the regulations authorize only BOP staff to impose sanctions). Despite the incorporation of contracted facilities into the revised regulations, the regulatory purpose section remains unchanged, specifying only that "Bureau staff" may impose sanctions on inmates. *See* 28 C.F.R. § 541.1 ("This program helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts."). Under the revised regulations, "staff" is still defined in 28 C.F.R. § 500.1(b) as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."

In this case, petitioner received a re-hearing of Incident Report No. 2271172 before a DHO employed by the BOP. Therefore, the sanctions as to Incident Report No. 2271172 were imposed by "Bureau staff" in accordance with 28 C.F.R. § 541.1. (ECF No. 5-1 at 64-68). As such, the constitutional defect claimed by Petitioner in his habeas petition has been corrected with respect to Incident Report No. 2271172, rendering that portion of his petition moot.

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during

pendency of the suit, the federal courts are powerless to decide the questions presented."
*Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court." *Rodriguez-Puente v. Feather,* No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. June 4, 2015) (*citing Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed. 2d 58 (1983)); *also Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

The undersigned **FINDS** that the full measure of relief available to Petitioner regarding Incident Report No. 2271172 was provided and his claim is, therefore, moot. *See Rodriquez-Puente,* 2015 WL 3514173, at *2 (holding that "there is no relief that can be provided by a favorable decision" when a rehearing is conducted by a BOP DHO) (collecting cases). The undersigned further **FINDS** that as Petitioner raises no other challenge to the disciplinary proceeding pertaining to Incident Report No. 2271172, his petition should be dismissed as to Incident Report No. 2271172.[4]

In contrast, Petitioner did not receive a re-hearing on Incident Report No. 2271173. Although Petitioner was not disciplined by a BOP employee in accordance with the regulations, Respondent contends that Petitioner's habeas claim should nonetheless be

---

[4] Petitioner does not directly challenge the sufficiency of the evidence supporting Incident Report No. 2271172. Indeed, Petitioner was identified on video and confirmed by staff as participating in the group demonstration and failing to return to his housing unit when ordered. (ECF No. 5-1 at 22-31). Consequently, the decision of the DHO was supported by "some evidence," and, thus, was consistent with due process principles. *Rodriquez-Puente,* 2015 WL 3514173, at *3.

- 7 -

dismissed because he did not exhaust his administrative remedies. Generally, an inmate should "exhaust adequate alternative remedies before filing" a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723,782, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008). However, habeas corpus relief under 28 U.S.C. § 2241 is always available "to safeguard the fundamental rights of persons wrongly incarcerated," as an "avenue of last resort." *Timms v. Johns*, 627 F.3d 525,531 (4th Cir. 2010) (citing *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)).

Unlike the statutory exhaustion requirement governing cases filed under the Prison Litigation Reform Act ("PLRA"), the requirement that federal prisoners exhaust administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241 is judicially imposed and may be excused when the exhaustion process would be futile. *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *7 (S.D.W.Va. Jun. 12, 2006). The undersigned **FINDS** that, in this particular case, exhaustion should be excused as to Incident Report No. 2271173. The record clearly shows that Petitioner persistently attempted to appeal the DHO Robles's decision with respect to that incident report, yet Petitioner's efforts were thwarted by continuous rejection of his appeals, to the point that his final attempt was denied as untimely. (ECF No. 5 at 5-8). Clearly, any effort to lodge an administrative appeal at this point would be futile. Given that Petitioner raised the same ground for relief in regard to Incident Report No. 2271172 and was successful, and he tried doggedly to have his appeal of 2271173 heard, the undersigned finds cause to excuse the exhaustion requirement in this instance and address the substantive merits of his claim. Having considered the matter, the undersigned **FINDS** that Petitioner's good conduct credits were unlawfully disallowed with regard to Incident Report No. 2271173, as the sanction was not imposed by an employee of the BOP or the Federal Prison

Industries, Inc.

Furthermore, while Petitioner's challenge to the disciplinary charges against him is limited to the authority of DHO Robles to impose sanctions, the undersigned **FINDS** an additional violation of Petitioner's due process rights with respect to Incident Report No. 2271173. Specifically, the record clearly establishes through the BOP's own re-hearing process that Petitioner was charged with duplicative code violations: code 212, which prohibits engaging in a group demonstration, and code 307, which concerns failing to obey an order. Petitioner successfully appealed DHO Robles's decision regarding Incident Report No. 2271172; upon re-hearing, the McDowell DHO determined the following:

> [T]he charge of code 307 cannot be supported. The order given to disperse and return to the housing unit is part of the act of participating in the group demonstration and cannot be charged separately. Therefore, this charge is ordered dismissed.

(ECF No. 5-1 at 67). The foregoing record indisputably establishes that Petitioner is likewise entitled to the restoration of 14 days of good conduct credits that were wrongfully disallowed on the duplicative 307 charge relating to Incident Report No. 2271173.

Based upon all of the above, the undersigned **FINDS** that Petitioner should be granted habeas relief with respect to Incident Report No. 2271173, including the restoration of 14 days of good conduct credits for the 307 charge and remand of the 212 charge to the BOP for further proceedings in accordance with the regulations. "It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir.1996).

As to Petitioner's other claims relating to retaliation and violation of the Privacy Act, the undersigned **FINDS** that such claims are not cognizable in this § 2241 petition.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Thus, Petitioner's challenge related to the alleged deprivation of his good conduct credits is properly brought under § 2241 because it affects the length of his confinement. *Id.* at 487. However, a ruling on Petitioner's retaliation and Privacy Act claims would not affect the duration of his confinement and are not properly considered in a § 2241 action. Therefore, the undersigned **RECOMMENDS** that the district judge dismiss Petitioner's retaliation and Privacy Act claims.[5]

## III.   <u>Proposal and Recommendation</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2) be **GRANTED, in part,** to restore 14 days of good conduct credits to Petitioner relating to the code 307 violation in Incident Report No. 2271173 and to **REMAND** the 212 code violation in Incident Report No. 2271173 to the agency for further proceedings, and that the petition for habeas relief is **DENIED** as to all remaining claims;

2. Respondent's request for dismissal (ECF No. 5) be **DENIED, in part**, as to Incident Report No. 2271173, and **GRANTED** as to all remaining claims;

3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David. A. Faber, United

---

[5] Even if the court were to consider Petitioner's claim that the contract employee DHO's use of BOP stationary constituted inaccurate record keeping under the Privacy Act, Petitioner's claim would fail. The Inmate Administrative Remedy Record System is exempted from the applicable provisions of the Privacy Act. *See* 5 U.S.C. § 552a(j) (authorizing agencies to make exemptions); 28 C.F.R. § 16.97 (listing BOP exemptions).

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondents, and counsel of record.

**FILED:** August 16, 2016

Cheryl A. Eifert
United States Magistrate Judge