```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

GUADALUPE PENA-CARRIZOZA,

    Petitioner,

v.                        CIVIL ACTION NO. 1:14-25696

M. TRAVIS BRAGG, WARDEN,
FCI – Bennettsville; BOP/DOJ

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3).

Magistrate Judge Eifert submitted to the court her PF&R on August 16, 2016, in which she recommended that the Court grant, in part, and deny, in part, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241; grant, in part, and deny, in part, Respondent's request for dismissal; dismiss this case with prejudice; and direct the Clerk to remove this case from the court's active docket. (Doc. No. 8). Specifically, Magistrate Judge Eifert recommended that the Petition be granted to restore 14 days of good conduct credits to Petitioner relating to the code 307 violation in Incident Report No.

2271173 and to remand the code 212 violation in Incident Report No. 2271173 to the agency for further proceedings.

In accordance with 28 U.S.C. § 636(b), the parties were allotted fourteen days in which to file any objections to Magistrate Judge Eifert's PF&R.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Neither party filed any objections to the Magistrate Judge's PF&R within the required time period.

Accordingly, the court adopts Magistrate Judge Eifert's PF&R as follows:

1) The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED in part** to restore 14 days of good conduct credits to Petitioner relating to the code 307 violation in Incident Report No. 2271173 and to **REMAND** the code 212 violation in Incident Report No. 2271173 to the agency for further proceedings.  The Petition is **DENIED** in all other respects;

2) Respondent's request for dismissal is **DENIED** as to Incident Report No. 2271173 and **GRANTED** as to all remaining claims;

3) This action is **DISMISSED with prejudice**; and

4) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is partially satisfied and partially not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Order to counsel of record.

It is **SO ORDERED** this 7th day of December, 2016.

                                              ENTER:

                                          David A. Faber
                                          Senior United States District Judge